Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHANEL, INC.,<br><br>            Plaintiff,<br><br>vs.<br><br>TJO LIOK PO a/k/a IVANNA LIM a/k/a IVANNA 80 a/k/a BRANDNAMES88 a/k/a HANDYBAGS a/k/a SHOP1788 a/k/a LAST4EVER_BAG a/k/a IXIEL NURSA LIM a/k/a IXIEL NURSALIM and JOHN DOES 1-10,<br><br>            Defendants. | Cause No. 02-700<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST |

On May 9, 2005 the Court entered its Second Amended Judgment for damages, and awarded fees, costs, and prejudgment interest. The Court having received and reviewed the Plaintiff's Motion for Attorney's Fees, Costs, and Prejudgment Interest hereby partially grants and partially denies Plaintiff's Motion and enters the following award of damages, attorney's fees, costs, and prejudgment interest:

ORDER
Cause No. 02-700P

| | | | |
|---|---|---|---|
| 1. | For counterfeiting five registered trademarks at $400,000 each | | $2,000,000. |
| 2. | For Attorney's fees | | $62,237. |
| 3. | For Costs | | $3,873 |
| 4. | For Prejudgment interest | | $<u>258,367</u> |
| | Total | | |
| | | $2,324,477 | |

The Court has determined that prejudgment interest is appropriate in this matter. Plaintiff has requested that prejudgment interest be awarded at the Washington state rate of 12% (pursuant to RCW 19.52.010), which would yield an award of $920,000 in prejudgment interest alone. Plaintiff cites <u>Data General Corp. v. Grumman Syustems Support Corp.</u>, 36 F.3d 1147 (9th Cir. 1994) for the rule that the state interest rate is appropriate in these circumstances, but has provided no specific page citation in support. The Court's review of this 42-page opinion failed to corroborate Plaintiff's claim.

It does appear to be the general rule in the 9th Circuit that in <u>diversity</u> cases, the prevailing party is entitled to prejudgment interest at state rates. *See, e.g.,* <u>In re Cardelucci</u>, 25 F.3d 1231 (9th Cir. 2002). But this is not a diversity case – Plaintiff sued under federal law for copyright and trademark infringement. Case language more on point may be found in <u>U.S. v. Pend Oreille Public Utility District No. 1</u>, 28 F.3d 1544, 1153 (9th Cir. 1994):

> Since this case arises under federal law, the district court should apply federal pre-judgment interest principles. <u>Home Savings Bank, F.S.B. v. Gillam</u>, 952 F.2d 1152, 1161 (9th Cir. 1991) ("The award of pre-judgment interest in a case arising under federal law rests within the sound discretion of the court."); <u>Board of County Commissioners v. United States</u>, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939) ("The cases teach that interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable.").

Plaintiff also cites <u>McRoberts Software Inc. v. Media 100 Inc.</u>, 329 F.3d 557 (7th Cir. 2003) for the proposition that "[s]ubstantial prejudgment interest awards are typically awarded to carry out the intent of the federal statute." Mtn at p. 2. Calculating interest at the federal rate

ORDER
Cause No. 02-700P
- 2 -

(based on the U.S. Treasury rate of 3.37% per annum) would result in an award of $258,367. $258,367 is a "substantial" amount, and the Court finds that (in light of the equally "substantial" $2 million damage award), it is both equitable and appropriate.

Dated this 11th day of July, 2005.

Marsha J. Pechman
U.S. District Judge

ORDER
Cause No. 02-700P

- 3 -